UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OSCAR LEE WATSON,

    Plaintiff,

v.

    Case No. 18-cv-10518

    HONORABLE. VICTORIA A. ROBERTS

STATE OF MICHIGAN, ET AL,

    Defendant.

_____/

## ORDER GRANTING CORIZON'S MOTION TO DISMISS (Doc. # 12)

Corizon Health, Inc. ("Corizon") filed a Motion to Dismiss Count 4 of Oscar Lee Watson's ("Watson") complaint for failure to state a claim upon which relief can be granted. Watson is incarcerated at the Gus Harrison Correctional Facility ("ARF") in Adrian, MI. He is confined to a wheelchair that he claims is too small and in severe disrepair.

Watson filed a grievance on September 3, 2017 and says he still has not been provided with a suitable wheelchair. He also claims on January 19, 2018 while using a designated handicapped shower stall, the bench he was sitting on collapsed, he says he injured his leg.

Watson filed suit against several defendants: the Michigan Department of Corrections ("MDOC"), Warden Sherman Campbell, Deputy Warden David Messer, Mr. Ford – the head of the Physical Plant at ARF, J. Siegel – Assistant Resident Unit Supervisor, Corizon, and the ARF. Watson alleges five counts in his complaint: Count 1 –MDOC and Corizon violated his Eighth Amendment rights; Count 2 – MDOC violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq.*; Count 3 –MDOC

and Corizon violated the Michigan Persons with Disabilities Civil Rights Act ("MPDCRA"), Mich. Comp. Laws § 37.1101 *et seq.*; Count 4 –MDOC and Corizon violated the Rehabilitation Act of 1973, 29 U.S.C. §§ 701-7961; and Count 5 – Campbell, Messer, Ford, and Siegel violated his rights under the ADA and the MPDCRA, and the RA.

The Court issued an order on March 6, 2018 dismissing Counts 1, 3, and 5 of Watson's complaint for failing to state a claim upon which relief can be granted. (Doc. # 6).

Corizon filed a motion to dismiss the only remaining claim against it, Count 4, on March 29, 2018. Watson failed to timely respond to Corizon's motion.

Corizon's Motion is GRANTED.

I.     Legal Standard

A. Motion to Dismiss

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). A court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). A complaint must contain sufficient factual matter to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

A complaint "must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (citations omitted). Indeed, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*; see also *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (citation omitted).

B. Failure to Respond

The Eastern District of Michigan's local court rules required Watson to file a response if he opposed Corizon's Motion. *See* E.D. Mich. LR 7.1(c)(1) ("[a] respondent opposing a motion must file a response, including a brief and supporting documents then available"); E.D. Mich. LR 7.1(e)(1)(B) ("[a] response to a dispositive motion must be filed within 21 days after service of the motion").

"[I]f a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion." *Humphrey v. United States AG Office*, 279 Fed. Appx. 328, 331 (6th Cir. 2008) (internal citations and quotations omitted). Although a court is within its discretion to consider a defendant's motion unopposed due to a plaintiff's lack of timely response, a court could consider the motion's merits. *See Zayed v. United States*, 221 F. Supp. 2d 813, 815 n.5 (N.D. Ohio 2002) (where the court "in the interest of justice" considered an unopposed motion to dismiss on its merits, rather than dismissing it on procedural grounds).

The Court considers the merits of Corizon's Motion.

II. Analysis

In Count 4, Watson claims that the Rehabilitation Act requires prison officials to provide necessary accommodations for prisoners with disabilities. MDOC and Corizon, according to Watson, should have known that depriving him of a properly-sized wheelchair violated the MPDCRA, and asserts a claim against MDOC and Corizon under the Rehabilitation Act.

"The RA prohibits a program receiving federal funding from discriminating against an 'otherwise qualified individual with a disability.'" *Moore v. Curtis*, 68 Fed. Appx. 561, 563 (6th Cir. 2003) (quoting 29 U.S.C. § 794(a)). Corizon argues that Watson does not allege that it receives federal funding, and cannot; it is a private entity that contracts with the State of Michigan to provide healthcare for prisoners. "Because there is no evidence to conclude that Corizon is a recipient of federal funds the [RA] claim alleged against it is dismissed" as a matter of law. *McIntosh v. Corizon*, 2018 U.S. Dist. LEXIS 47837, *18 (S.D. Ill. Mar. 23, 2018).

III. Conclusion

Corizon's Motion is GRANTED. Count 4 is DISMISSED with prejudice against Corizon.

Corizon filed a motion to compel Watson's medical records on May 11, 2018. (Doc. #19). Because Count 4 is dismissed, Corizon's motion to compel is MOOT.

The remaining counts of Watson's complaint are: Count 2 – violation of the ADA against MDOC; and Count 4 – violation of the Rehabilitation Act against MDOC.

**IT IS ORDERED**.

                                                        S/Victoria A. Roberts
                                                       Victoria A. Roberts
                                                       United States District Judge

Dated: May 14, 2018