UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OSCAR LEE WATSON,

    Plaintiff,

v.

    Case No. 18-cv-10518

    HONORABLE. VICTORIA A. ROBERTS

STATE OF MICHIGAN, et al,

    Defendant.

_____/

# **ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Doc. #21)**

The State of Michigan – acting through the Michigan Department of Corrections ("MDOC") – the Gus Harrison Correctional Facility ("Gus Harrison"), Sherman Campbell, David Messer, Brent Ford, and Judy Siegel (collectively, the "State Defendants") filed a Motion for Summary Judgment ("Motion") on Oscar Lee Watson's ("Watson") complaint. Watson alleges that the State Defendants violated his rights under the American with Disabilities Act ("ADA") and the Rehabilitation Act.

The State Defendants claim that Watson failed to exhaust administrative remedies with respect to those claims, as mandated by the Prisoner Litigation Reform Act of 1996 ["PLRA"]. For the reasons that follow, their motion for summary judgment is GRANTED.

    I.    Background

        A. Factual Allegations

Watson is incarcerated at Gus Harrison and is confined to a wheelchair. He filed a Step I grievance on September 3, 2017. He claimed his wheelchair is "entirely too

small' and "in severe disrepair," making it hard to maneuver. He received a response to his Step I grievance, which said a nurse documented that the wheelchair was too small, and stated the nursing secretary was to order a larger chair. The Step I grievance was marked as partially resolved, stating that it would be considered resolved when Watson received the larger wheelchair. Watson filed a Step II appeal on September 14, 2017, saying that he still did not have a proper wheelchair. The response to this Step II appeal stated that Watson would be called out to exchange wheelchairs when his ordered one arrives. Watson alleges that he never received a response to his Step II appeal, and has yet to be provided with a suitable wheelchair.

Watson also alleges that on January 19, 2018, a bench he was sitting on collapsed while he used a designated handicapped shower stall, injuring his leg. He claims that on January 22, 2018, he filed a Step I grievance alleging that the State Defendants failed to maintain the handicapped shower in compliance with federal and state regulations. According to Watson, the grievance was returned to him without an identifier number.

Watson contends that because his grievances were not responded to in accordance with MDOC's grievance policy, the Court should find that his grievances are exhausted as contemplated by the PLRA.

### B. Procedural History

Watson filed suit against several defendants: MDOC, Warden Sherman Campbell, Deputy Warden David Messer, Brent Ford – the head of the Physical Plant at Gus Harrison, Judy Siegel – Assistant Resident Unit Supervisor, Corizon Health, Inc. ("Corizon"), and Gus Harrison. The complaint has five counts: Count 1 – against MDOC

and Corizon for violation of Eighth Amendment; Count 2 – against MDOC for violation of the ADA, 42 U.S.C. §12101 *et seq.*; Count 3 – against MDOC and Corizon for violation of the Michigan Persons with Disabilities Civil Rights Act ("MPDCRA"), Mich. Comp. Laws § 37.1101 *et seq.*; Count 4 – against MDOC and Corizon for violation of the Rehabilitation Act of 1973, 29 U.S.C. §§ 701-7961; and Count 5 – against Campbell, Messer, Ford, and Siegel for violation of the ADA, the MPDCRA, and the Rehabilitation Act.

The Court issued an order on March 6, 2018 dismissing Counts 1, 3, and 5 of Watson's complaint for failing to state a claim upon which relief can be granted. Subsequently, the Court granted Corizon's motion to dismiss the remaining claim against it, Count 4. Thus, the remaining counts of Watson's complaint are: Count 2 – violation of the ADA against the State Defendants; and Count 4 – violation of the Rehabilitation Act against the State Defendants.

On May 17, 2018, the State Defendants filed a motion for summary judgment on the remaining counts against them. They raise three arguments: 1) the grievance report Watson filed regarding his wheelchair does not demonstrate proper exhaustion; 2) even if the wheelchair grievance had been properly exhausted, Watson did not name the State Defendants in the grievance; and 3) Watson failed to exhaust administrative remedies regarding his shower bench claim.

Watson failed to timely respond to the State Defendants' Motion.

I. Legal Standard

    A. Motion For Summary Judgment

Under Federal Rule of Civil Procedure 56(a), "[t]he Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The movant bears the initial burden to inform the Court of the basis for her motion, and must identify particular portions of the record that demonstrate the absence of a genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant satisfies her burden, the non-moving party must set forth specific facts showing a genuine issue for trial. *Id.* at 324. A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Unsupported, conclusory statements are insufficient to establish a factual dispute to defeat summary judgment, as is the mere existence of a scintilla of evidence in support of the non-movant's position; the evidence must be such that a reasonable jury could find in its favor. *Alexander v. CareSource*, 576 F.3d 551, 560 (6th Cir. 2009); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

In deciding a summary judgment motion, the Court "views the factual evidence and draws all reasonable inferences in favor of the nonmoving party." *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). The Court only needs to consider the cited materials, but it may consider other evidence in the record. Fed. R. Civ. P. 56(c)(3). The Court's function at the summary judgment stage "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Liberty Lobby*, 477 U.S. at 249.

B. Failure to Respond

The Eastern District of Michigan's local court rules required Watson to file a response if he opposed the State Defendants' Motion. *See* E.D. Mich. LR 7.1(c)(1) ("[a] respondent opposing a motion must file a response, including a brief and supporting documents then available"); E.D. Mich. LR 7.1(e)(1)(B) ("[a] response to a dispositive motion must be filed within 21 days after service of the motion").

"[I]f a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion." *Humphrey v. United States AG Office*, 279 Fed. Appx. 328, 331 (6th Cir. 2008) (internal citations and quotations omitted). Although a court is within its discretion to consider a defendant's motion unopposed due to a plaintiff's lack of timely response, a court could consider the motion's merits. *See Zayed v. United States*, 221 F. Supp. 2d 813, 815 n.5 (N.D. Ohio 2002) (where the court "in the interest of justice" considered an unopposed motion to dismiss on its merits, rather than dismissing it on procedural grounds).

II.     Analysis

Under the PLRA, a prisoner cannot bring an action challenging his prison conditions unless he exhausts administrative remedies. 42 USC § 1997e(a). "This requirement is not jurisdictional; rather, exhaustion is an affirmative defense that must be pleaded and proved by the defendants." *Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017).

"When the defendants in prisoner civil rights litigation move for summary judgment on administrative exhaustion grounds, they must prove that no reasonable jury could find that the plaintiff exhausted his administrative remedies." *Id.* at 590. "Once the defendants put forth evidence, [the plaintiff is] required to present significant

5

probative evidence to defeat the motion for summary judgment on this ground." *Napier v. Laurel County*, 636 F.3d 218, 225 (6th Cir. 2011) (internal quotations omitted).

"There is no uniform federal exhaustion standard. A prisoner exhausts his remedies when he complies with the grievance procedures put forward by his correctional institution." *Mattox*, 851 F.3d at 590. MDOC's three-step grievance procedures are detailed in Policy Directive 03.02.130, "Prisoner/Parolee Grievances" (effective date 07/09/2007). The policy describes how a prisoner must first attempt to resolve his issue with the staff member involved. If that is unsuccessful, the prisoner is to file a Step I grievance form. A prisoner may file a Step II appeal if he is dissatisfied with the response he received at Step I, or if he did not receive a timely response. Further, a prisoner may file a Step III appeal if he is dissatisfied with the Step II response, or if he did not receive a timely response. Each grievance received at Step III is logged in a computerized grievance tracking system. Complaints filed by a prisoner regarding grievable issues are exhausted only when the prisoner files a grievance through all three steps.

> A. It Is Irrelevant That Watson Did Not Name The State Defendants In His Wheelchair Grievance

The State Defendants argue that even if Watson's wheelchair grievance had been properly exhausted, he did not name any of the State Defendants in his Step I grievance. Watson instead named Corizon Health, Inc. and Health Care Services as the entities he was grieving against. The State Defendants claim that proper exhaustion requires Watson to identify the persons involved in the issue being grieved.

While this is generally the rule, *see Mattox*, 851 F.3d at 590-91, "[a]n exception to this rule is that prison officials waive any procedural irregularities in a grievance when they nonetheless address the grievance on the merits." *Id.* Here, prison officials addressed the merits of Watson's grievance when they declared it partially resolved. "[T]he purpose of the PLRA's exhaustion requirement is to allow prison officials a fair opportunity to address grievances on the merits … ." *Id.* Because prison officials were given this opportunity, and addressed the wheelchair grievance on the merits, Watson's failure to name the State Defendants does not alone mean he failed to exhaust administrative remedies.

Instead, the State Defendants point to other evidence that shows Watson failed to exhaust. The Court evaluates that evidence next.

B. Watson Fails To Demonstrate That He Exhausted Administrative Remedies On His Wheelchair Claim

The State Defendants have the burden to show an absence of evidence to support Watson's case. *Napier*, 636 F.3d at 225. They meet their burden.

It is undisputed that Watson did not follow his wheelchair grievance through all three steps. The State Defendants attach Watson's computerized Step III Grievance Report, which shows all the grievances he filed through Step III. His wheelchair grievance is not included in this report. Further, Watson does not allege that he filed a Step III appeal. Instead, he alleges that he filed a Step II appeal, but did not get a response. The State Defendants attach evidence to contradict Watson's claim, showing that his Step II appeal was responded to. However, even if his Step II appeal was not responded to, MDOC's policy allows him to file a Step III appeal in the event he did not

receive a Step II response. As the State Defendants show, Watson failed to do this, and thus failed to exhaust administrative remedies. Summary judgment is warranted.

      C. Watson Fails To Demonstrate That He Exhausted Administrative Remedies On His Shower Bench Claim

The State Defendants argue that Watson failed to exhaust administrative remedies with respect to his shower bench claim. Watson claims that he received a response to his Step I shower bench grievance without an identifier number assigned to it, or without it being otherwise processed. As the State Defendants argue, this does not excuse his failure to comply with the grievance process, especially when he does not allege to have done anything to remedy the issue, or attempted to file a Step II appeal. The computerized Step III Grievance Report provides further evidence that Watson did not exhaust his shower bench claim; this claim is not listed in the report.

The State Defendants provided evidence to show that Watson failed to exhaust administrative remedies on his shower bench claim, and Watson does not provide evidence to refute this. Summary judgment with respect to this claim is warranted.

III.    Conclusion

Watson failed to refute the State Defendants' evidence that he failed to exhaust administrative remedies for the allegations in Counts 2 and 4. Accordingly, their motion for summary judgment is GRANTED.

**IT IS ORDERED**.

                                                S/Victoria A. Roberts
                                                Victoria A. Roberts
                                                United States District Judge

Dated: June 29, 2018